# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | 1:10-CR-7 (WLS) |
| JOE NATHAN MORGAN, : | |
| Defendant. : | |

## ORDER

Before the Court is Defendant Joe Nathan Morgan's motion styled as "Motion Pursuant to 5G1.3." Therein, Defendant requests that the Court grant him credit to his federal sentence. Defendant previously filed a "Motion to Enforce the Sentence Imposed." (Doc. 59.) On May 28, 2013, the Court denied this motion, informing Defendant that he may obtain judicial review of his sentence via a 28 U.S.C. § 2241 petition for habeas corpus, but *only in the district of his confinement*. (Doc. 72.) Defendant's instant 5G1.3 motion is similarly not the appropriate vehicle by which to attack his sentence,[1] and this Court is still not the proper forum for the relief that Defendant seeks, even if the Court were to recharacterize Defendant's motion as a § 2241 petition. Accordingly, for the reasons stated in the Court's May 28, 2013 Order, the Court denies Defendant's Motion Pursuant to 5G1.3. As Defendant was previously informed, to the extent he seeks to challenge the computation of his federal sentence, he should file a proper § 2241 petition in the district where he is confined. Defendant was recently moved to the U.S. Penitentiary in Atlanta, Georgia, which is based in the United

---

[1] Defendant's request is not legally cognizable by way of a 5G1.3 motion. Except in limited circumstances, the United States Sentencing Guidelines guide the imposition of sentence, not the adjustment of one. *See* 18 U.S.C. § 3582(c).

2

States District Court for the Northern District of Georgia. Accordingly, Defendant's Motion Pursuant to 5G1.3 is **DENIED without prejudice**.

  **SO ORDERED**, this 20th day of August, 2013.

            /s/ W. Louis Sands
            **THE HONORABLE W. LOUIS SANDS,**
            **UNITED STATES DISTRICT COURT**